Russell Brown
CHAPTER 13 TRUSTEE
Suite 800
3838 North Central Avenue
Phoenix, Arizona 85012-1965
602.277.8996
Fax 602.253.8346

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>MARCIE GOLDSTEIN,<br><br>Debtor. | In Proceedings Under Chapter 13<br><br>Case No. 2-12-bk-22669 GBN<br><br>**TRUSTEE'S RECOMMENDATION ON SECOND AMENDED PLAN**<br><br>January 31, 2014 |

The Trustee has reviewed the Second Amended Plan, Schedules, and Statement of Financial Affairs. Subject to the resolution of the following issues, the Plan will meet Code requirements and the Trustee will recommend confirmation:

(1) The Debtor is $3,342.00 in default on Plan payments, with an additional payment coming due September 21, 2012. Remittance in the total amount of $3,919.00 is by October 24, 2012.

(2) Fairway at Arrowhead Condominium Assoc. has filed an objection to the Plan. The attorney for the Debtor(s) must notify the Trustee if the objection has been resolved or, if the objection is unresolved, file the appropriate motion to get the Court to hold a hearing on the objection. If resolution of the objection changes Plan funding requirements, the Trustee requires receipt of a new Plan analysis with any proposed order confirming the Plan. If a motion is filed to get a hearing before the Court, the time to submit a proposed Order confirming the Plan to the Trustee is extended.

(3) The secured claim filed by Chase (#3) includes pre-petition mortgage arrears in the amount of $1,682.37. The Order confirming plan should provide for the filed mortgage arrearage claim.

(4) The Trustee note's Debtor's plan payments of $334.20 do not reflect Debtors best efforts based on the monthly net income of $499.20 listed on the Debtor's Amended Schedule J. The Trustee requires the Debtor increase plan payments to reflect Debtors best efforts or the Order Confirming must state that the plan will not be deemed complete until all allowed unsecured claims are paid in full.

(5) The Trustee requests that no amended Plan be filed, as all issues in this Recommendation can be resolved in a Stipulated Order Confirming Second Amended Plan.

(6)   Other requirements:

(a) Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee.  Also, when counsel provides a proposed order confirming plan to the Trustee, counsel must file or create a notice on the Court docket.  L.R.B.P. 2084-13(b).

(b) Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

(c) The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

(d) The Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

(e) To expedite the order review process, counsel must use the recommended form for the order confirming plan found at www.chapter13.info.

(f) The order confirming plan **must** be accompanied by a cover letter that goes over the Trustee's Recommendation items by each paragraph. If counsel fails to use the order form and provide such letter, the Trustee will reject the proposed order outright and the time to comply with the Recommendation is not extended.

(g) Any order confirming plan to provide that the Debtors will give the Trustee a copy of the 2013 - 2015 federal and state income tax returns, including all attachments, forms, schedules and statements, within fifteen days of filing them.

(h) Nothing in the Plan or Order Confirming Plan is to alter counsel's obligation to represent the Debtors. Counsel is to represent the Debtor(s) in all matters regardless of the fee agreement until the Court issues an order permitting counsel to withdraw or the case is closed.

(i) According to Paragraph II.H.3. of the "Administrative Procedures for Electronically Filed Cases," as governed by Local Rule 5005-2(e), the Debtors' attorney is to retain the original signatures of all signatories to the Stipulated Order Confirming Plan (other than that of the Trustee). Pursuant to Local Rule 2084-13(c), the Trustee will upload the proposed Order Confirming a plan or granting a motion for a moratorium.

(j) The proposed order confirming plan, any responses to this recommendation, and documents submitted in response to this recommendation are to be submitted to the applicable case administrator in the Trustee's office.

SUMMARY: Pursuant to Local Rule 2084-10, by January 31, 2014 the Debtor is to resolve all of the above issues and provide the Trustee with a proposed order confirming plan that meets the above requirements, or the Trustee could lodge a dismissal order.

- 3 -



Russell Brown
2013.12.31
15:00:59 -07'00'

Copy mailed or emailed to:

Debtor(s) Mailer:
MARCIE GOLDSTEIN
7401 W ARROWHEAD CLUBHOUSE DR #2052
GLENDALE, AZ 85308

Attorney Mailer
LAW OFFICES OF KYLE A. KINNEY, PLLC
4110 NORTH SCOTTSDALE RD.
SUITE 330
SCOTTSDALE, AZ 85251-
kyle@kinneylaw.net

Charlene Gates
Digitally signed by Charlene Gates
DN: cn=Charlene Gates, o=Russell Brown, Chapter 13 Trustee, ou, email=cgates@ch13bk.com, c=US
Date: 2014.01.02 09:21:06 -07'00'

*cgates@ch13bk.com*